**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WARREN HILL, LLC | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | 2:18-cv-01228 - HB |
| | : | |
| v. | : | |
| | : | |
| SFR EQUITIES, LLC | : | |
| | : | |
| Defendant. | : | |

## CONFIDENTIALITY STIPULATION

It is hereby ORDERED that the following terms and conditions shall govern the disclosure and use of confidential information in the proceeding.

1.      **Confidential Information.**  The Parties have agreed that certain information that may be produced in the litigation including, but not limited to, numerical values contained in financial statements and tax returns, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential.   The designation of documents as "Confidential Information" shall be limited to information that the source reasonably and in good faith believes is of a proprietary or commercially sensitive nature, or should otherwise be subject to confidential treatment.  Confidential Information does not include information that (a) is in the public domain at the time of disclosure, where written documents establish the information's public status; or (b) becomes part of the public domain, through no fault of any Party.  The parties agree that this Confidentiality Stipulation is intended to supplement other legal means of establishing confidentiality, such as by statute, regulation, Court rule (including the Rules of Evidence), or common law rule establishing a privilege or

confidential communication.

Nothing in this Stipulation shall prohibit any third party from asserting any and all of its rights to protect the confidentiality of its information.

**2.      Designating Documents, Answers to Interrogatories, Answers to Requests for Admission, and Depositions as Confidential.** Unless otherwise ordered by the Court or stipulated by the Parties, only documents, answers to interrogatories, answers to requests for admission, or deposition testimony relating to the subjects enumerated in Paragraph 1 may be designated as Confidential Information.

a.      Any party to this action, or non-party that produces documents in this action, may designate as "Confidential" a document, answer to interrogatory, or answer to request for admission by conspicuously stamping or labeling each page of the document or answer with the word "Confidential." Documents or information produced by any party shall not be treated as confidential pursuant to this Stipulation unless they are stamped or labeled in such a fashion, except as provided in this Stipulation. The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.

b.      Parties to this action, or any non-party providing deposition testimony, may also designate deposition testimony relating to the subjects enumerated in Paragraph 1 as "Confidential Information" by notifying all counsel of record, in writing, within 30 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the Parties, of the pages and lines of the deposition which the party believes fall under Paragraph

-2-

1. Alternatively, any party may, on the record at the deposition, designate deposition testimony as "Confidential" by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Stipulation. Deposition testimony regarding a document, interrogatory answer, or answer to request for admission stamped "Confidential" is presumptively confidential.

      **3.**      **Disclosure of Confidential Information.**  Any material marked "Confidential" is to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the Parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

      a.      The Parties and employees and agents of the Parties, including in-house counsel, with whom there is a need to consult in connection with this litigation;

      b.      The Parties' outside counsel, and outside counsel's legal and clerical assistants and staff;

      c.      Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court or jointly selected by the Parties;

      d.      Any outside vendor for a Party's counsel, such as document reproduction services or document or video recording and retrieval services;

      e.      Any expert witness or outside consultant retained or consulted by a Party;

      f.      Any person, as well as his or her counsel, indicated on the face of a document to be the author, addressee, or a copy recipient of the document;

      g.      Any witness or deponent if such person is or was employed by, or a director or officer of, the same entity as a person indicated on the face of a document to be the

-3-

author, addressee, or a copy recipient of the document; and

    h.  Any other actual or potential witness or deponent to the extent reasonably necessary for the preparation for or giving of his or her deposition or testimony in this action, and counsel for such witness or deponent.

   No Confidential Information may be disclosed to persons identified in subparagraph (e), until they have reviewed this Stipulation and have either: (1) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party and provided on request to other counsel of record; or (2) agreed on the record at a deposition to be bound by its terms.

   **4.**  **Disputes Concerning Designation(s) of Confidential Information.**  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as "Confidential," the party shall first try to resolve the matter through a meet-and-confer process.  If the dispute cannot be resolved through the meet-and-confer process, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, though the burden of establishing the confidential nature of any document will be on the designating party.  Any party may dispute the confidential nature of any "Confidential" materials, or that the "Confidential" materials are, in fact, entitled to the protection of this Stipulation and may move the Court for removal of the "Confidential" designation upon any such materials.

   **5.**  **Binding Effect of This Order.**  This Order is binding upon the Parties, their agents and employees, all counsel for the Parties and their agents and employees.

   **7.**  **Use of Confidential Information.**  The Parties and their counsel shall exercise reasonable care not to disclose Confidential Information by placing such materials

-4-

in the public record in this case. If a party wishes to use any Confidential Information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal pursuant to the Court's rules for doing so. The Parties and their counsel, however, have the right to use any such Confidential Information in the trial of this case. The Parties do not waive any right to object at trial to the admissibility of any material that falls under the scope of this Stipulation, or portion thereof, or the right to file a motion *in limine* regarding the use of any such material.

8.    **Return of Confidential Information.**  At the conclusion of this litigation, including any appeals, within sixty (60) calendar days all Confidential Information produced shall be returned to the producing party at the expense of the non-producing party or shall be destroyed by the non-producing party. If the non-producing party elects to destroy the Confidential Information, the non-producing party shall certify in writing within the 60 calendar day period that it has undertaken its best efforts to destroy the Confidential Information and that all Confidential Information has been destroyed to the best of the non-producing party's knowledge. If the non-producing party has provided individuals or entities identified in subparagraphs (d), (e), and (h) of Paragraph 3 with Confidential Information, the non-producing party shall use reasonable efforts to obtain written confirmation from the individuals or entities that they also have compiled with the obligation to return or destroy the Confidential Information within the 60 calendar day period. Notwithstanding the remainder of this paragraph, counsel of record for the Parties may retain Confidential Information if it is included in or forms part of: (a) work product; (b) pleadings; (c) motions papers; (d) discovery responses; (e) deposition or trial transcripts; or (f) deposition or trial exhibits.

20981394v 2

9.    **Protective Order.** This Confidentiality Stipulation is entirely without prejudice to the right of any party to apply to this Court for a protective order under the applicable Federal Rules of Civil Procedure.

10.    The Court reserves the right to rescind, modify or alter the terms of this Stipulation at any time upon the motion of any party or upon its own motion.

AGREED AS TO FORM AND ENTRY:

> **WHITE AND WILLIAMS LLP**
> Attorneys for Defendant,
> SFR Equities, LLC
>
> BY:    /s/ Michael N. Onufrak
> Michael N. Onufrak
> Thomas M. Pinney
>
> **ELLIOTT GREENLEAF**
> Attorneys for Plaintiff,
> Warren Hill, LLC
>
> BY:    /s/ Gregory Voshell
> Gregory Voshell

Dated:  June 22 , 2018

**SO ORDERED:**

This **26th** day of _ _ _ June _ _ _, 2018

HARVEY BARTLE, III, J.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN HILL, LLC | : CIVIL ACTION |
| | : |
| Plaintiff, | : 2:18-cv-01228 - HB |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| SFR EQUITIES, LLC | : |
| | : |
| Defendant. | : |

## CONSENT TO CONFIDENTIALITY STIPULATION

I, _____ __ _____ __ _____ __ ____, am receiving documents pursuant to Paragraph 3

and/or Paragraph 4 of the Confidentiality Stipulation entered into in the above-captioned matter.

I have been or will be provided materials in connection with this matter by

_____ _____ __ ___ __ _____ __ ____. I acknowledge that I have read and am fully

familiar with the Confidentiality Stipulation, and I hereby agree to abide by its terms and

conditions, and to disclose material encompassed by that Confidentiality Stipulation only in

accordance with the terms of the Confidentiality Stipulation.


_____

Print Name


_____

Signature


_____

Date

20981394v 2