IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARREN HILL, LLC            :           CIVIL ACTION
                               :
           v.                   :
                               :
SFR EQUITIES, LLC           :           NO. 18-1228
                               :

MEMORANDUM

Bartle, J.                                               July 10, 2018

Plaintiff Warren Hill, LLC ("Warren Hill") has brought this diversity action for breach of contract against defendant SFR Equities, LLC ("SFR") in which Warren Hill seeks an accounting and an award of damages. Under the contract in issue, SFR agreed to make certain payments to Warren Hill in exchange for Warren Hill's sale to SFR of Warren Hill's interest in a third company. SFR has counterclaimed. It seeks to recoup monies it alleges it mistakenly overpaid to Warren Hill under the contract. Before the court is the motion of Warren Hill to dismiss the counterclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

When considering a motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. PLANCO

<u>Fin. Servs., Inc.</u>, 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

The counterclaim states in full:

Counterclaim of SFR against plaintiff for overpayment of earn outs for 2016 and 2017

52. SFR incorporates by reference as though fully set forth at length herein its responses to paragraphs 1 – 50 above.

53. When SFR calculated the earn out payments due to Plaintiff for 2016 and 2017, SFR mistakenly included VAP revenues that were part of the Excluded Reserve Amount.

54. As a result of the overpayment(s), Plaintiff was unjustly enriched.

55. Under the circumstances equity demands that SFR is entitled to restitution from Plaintiff.

WHEREFORE, SFR demands judgment in favor of SFR and against Plaintiff in the amount of any overpayments of $200,000 to Plaintiff plus attorney's [sic] fees, expenses of suit and costs.

For present purposes, the following facts are treated as true. On February 17, 2016 Warren Hill and SFR entered into a Membership Interest Purchase Agreement ("the Agreement")

effective January 1, 2016.[1]  Under the Agreement, Warren Hill

agreed to sell SFR its 33.246% membership interest in an

Illinois limited liability company known as Vendor Assistance

Program, LLC ("VAP").[2]  SFR agreed to pay Warren Hill the

purchase price of $4,000,000 over time and in the manner

outlined in the Agreement.  The Agreement contained additional

terms defining the obligations of the parties, including the

obligation of SFR to pay additional payments on a promissory

note.  The Agreement contained a provision that "for each of the

three years following the Closing Date, [SFR] shall, within 90

days of the end of each year, pay [Warren Hill] an amount equal

to 50% of VAP's Net Income (as defined below) allocable to the

Interests for such year."  Finally, SFR agreed to pay money from

VAP's Reserve Accounts, as defined under the Agreement.  The

Reserve Accounts hold funds as security for amounts VAP borrowed

from lenders.

          In March 2017 SFR made its first earn out payment for

the 2016 year and two follow up payments.  SFR also paid an earn

---

1.  The Agreement names a number of other parties.  They are
individuals Jacqueline Delaney, Jason Cannon (known as the
"Seller Parties"), individual James Delaney, an Illinois limited
liability company Healthcare Finance, LLC, and an individual
Brian Hynes.

2.  Under the Agreement, the Seller Parties and Delaney agreed
to tender their resignation from any positions they held with
VAP and/or Healthcare Finance, LLC.

out payment for the 2017 year.  According to SFR's counterclaim, it mistakenly has overpaid Warren Hill by $200,000.

In a diversity action, courts look to the choice of law rules of the forum state, in this case Pennsylvania, to determine which state's substantive law to apply.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).  Here, the parties have agreed that Illinois law governs the substantive issues of the contract.  See Steaks Unlimited, Inc. v. Deaner, 623 F.2d 264, 269-70 (3d Cir. 1980).  Thus, we will apply Illinois law.

Warren Hill seeks dismissal of SFR's counterclaim on the ground that SFR has failed to state a claim for unjust enrichment.  To state a claim for unjust enrichment under Illinois law, the plaintiff must allege that "the defendant retained a benefit to the plaintiff's detriment, and that the retention of that benefit violates fundamental principles of justice, equity, and good conscience."  Prudential Ins. Co. of America v. Clark Consulting, Inc., 548 F. Supp. 2d 619, 622 (N.D. Ill. 2008).  Whether "unjust enrichment" is the correct title for or description of the claim for relief in the counterclaim is irrelevant under modern pleading practice, which rejects formalism.  Pursuant to Rule 8(e) of the Federal Rules of Civil Procedure, "[p]leadings must be construed as to do

justice." The law of Illinois, considering the substance of the counterclaim, allows it to go forward.

"As a general rule, where money is paid under a mistake a fact, and payment would not have been made had the facts been known to the payor, such money may be recovered." Bank of Naperville v. Catalano, 408 N.E. 2d 441, 444 (Ill. App. Ct. 1980); see also Thomas v. Urban P'ship Bank, Residential Credit Sols., Inc., 2013 WL 1788522, at *9 (N.D. Ill. Apr. 26, 2013). The fact that the payee did not engage in "deceit or unfairness, and acted in good faith, does not preclude recovery, nor does the negligence of the payor preclude recovery." St. Paul Fed. Sav. & Loan Ass'n of Chicago v. Avant, 481 N.E. 2d 1050, 1057 (Ill. App. Ct. 1985).

The decision of the Court of Appeals for the Seventh Circuit construing Illinois law in Employers Insurance of Wausau v. Titan International, Inc., 400 F.3d 486 (7th Cir. 2005), is directly on point. The Wausau plaintiff sought to recover from its insureds mistaken payments that it made as a result of the plaintiff's computer miscalculation. Id. at 487-88. In reversing the district court's entry of judgment in favor of the insureds, the Court of Appeals rejected their contention that the law permits a person to keep money that he or she received by mistake. Id. at 488. The Court made clear that:

> [T]he law does not permit a person to keep
> money that he has received by mistake, just
> because the mistake is careless. . . . It
> would be absurd to suppose that if [the
> plaintiff] owed the defendants $1 and by the
> careless mistake of one of its clerks issued
> them a check for $1 million, they could keep
> the $1 million because the mistake was a
> careless one.

Id. at 491.

The argument of Warren Hill is without merit.
Accordingly, we will deny its motion to dismiss the counterclaim
of SFR for failure to state a claim upon which relief can be
granted.