IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARREN HILL, LLC,

                Plaintiff,

v.

SFR EQUITIES, LLC,

                Defendant.

No. 2:18-01228-HB

## ORDER

**NOW**, on this ___ day of _____, 2018, upon consideration of Plaintiff Warren Hill, LLC's Motion to Compel, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is **FURTHER ORDERED** that Defendant SFR Equities, LLC shall produce, without objection, all documents responsive to the Requests identified in Exhibit 1 within ten (10) days of this Order.

                                                  _____
                                                  Harvey Bartle III
                                                  United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARREN HILL, LLC,

                Plaintiff,

v.

SFR EQUITIES, LLC,

                Defendant.

No. 2:18-01228-HB

## PLAINTIFF WARREN HILL, LLC'S MOTION TO COMPEL

Plaintiff Warren Hill, LLC ("Warren Hill"), through its undersigned counsel, hereby files this Motion to Compel. For the reasons set forth in Warren Hill's Memorandum of Law, which is incorporated herein, SFR should be compelled to produce all documents responsive to the Requests identified in Exhibit 1 as these documents plainly fall within the scope of discoverable information.

WHEREFORE, Warren Hill respectfully requests that the Court compel Defendant SFR Equities, LLC to produce, without objection, all documents responsive to the Requests identified in Exhibit 1 within ten (10) days of this Order.

Respectfully submitted,

*/s/ Gregory S. Voshell*
Gregory S. Voshell
Thomas B. Helbig, Jr.
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive
Suite 300
Blue Bell, PA 19422

Dated: July 31, 2018
(215) 977-1000

*Counsel for Plaintiff Warren Hill, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WARREN HILL, LLC,

                Plaintiff,

v.

SFR EQUITIES, LLC,

                Defendant.

No. 2:18-01228-HB

**PLAINTIFF WARREN HILL, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL**

ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Dated: July 31, 2018

*Counsel for Plaintiff Warren Hill, LLC*

Plaintiff Warren Hill, LLC ("Warren Hill"), through its undersigned counsel, hereby moves to compel the production of documents. For the reasons set forth herein, Warren Hill respectfully requests that the Court grant its Motion.

## PRELIMINARY STATEMENT

This is a breach of contract action based on a Member Interest Purchase Agreement ("MIPA") between Warren Hill and Defendant SFR Equities, LLC ("SFR"). The dispute also implicates Vendor Assistance Program, LLC ("VAP") and its two new affiliates, Bluestone Capital Markets, LLC and Blue Stone Finance, LLC (together, "Bluestone"). Under the terms of the MIPA, Warren Hill is entitled to, among other payments, a percentage of the "Net Income" (as defined in the MIPA) earned by VAP. Warren Hill contends, *inter alia*, that SFR is understating VAP's Net Income and that it has failed to pay Warren Hill the full amount that is due to date.[1]

After filing this action, Warren Hill confirmed that the members of VAP (including SFR) created the two Bluestone affiliates, through which Warren Hill asserts VAP is funneling or assigning money that Warren Hill contends was revenue earned by VAP. By doing so, Warren Hill asserts that VAP is understating the revenue it is earning. As a result, SFR—which is required to use VAP's Net Income (as defined in the MIPA) as the basis for its payments to Warren Hill—is understating the amount of money it owes to Warren Hill pursuant to the MIPA. SFR may have planned to understate VAP's revenue for years, as it was contemplating "manipulating" amounts due under Section 1.2(d) of the MIPA as early as 2015. *See* Ex. 4 at 7.

---

[1] Warren Hill also contends that SFR is manipulating the amount it owes by applying certain impermissible deductions relating to payments made to one of its beneficial owners, Brian Hynes. By understating its Net Income *and* by applying these improper deductions, SFR has paid Warren Hill much less than it should have.

1

Because the dispute centers on VAP's revenue and any associated reserve accounts, Warren Hill sought the production of a series of specific documents that would show the amount of revenue VAP earned during the years in question. After weeks of attempting to have SFR produce these documents, Warren Hill believed that the parties were close to obtaining an agreement on the production of relevant documents. Indeed, last week, SFR suggested that Warren Hill focus on approximately eight (8) categories of documents. Warren Hill was interested in these categories, and added two additional categories, which target extremely important documents. Then, on Friday June 27, SFR's counsel informed Warren Hill that SFR had not "authorized" the production of any of the documents and that Warren Hill would need to file this motion. A few hours later, VAP and Bluestone—who have a "common interest" agreement with SFR—filed three motions to quash document subpoenas Warren Hill served.[2]

Warren Hill thus seeks an order compelling the production of the documents it had been discussing with counsel for SFR prior to VAP and Bluestone intervening. The financial transactions at issue are complicated, so Warren Hill has attached a chart as Exhibit 1 listing the categories of documents it seeks—these are the very categories of documents Warren Hill had been discussing with SFR. Warren Hill respectfully requests that the Court grant its Motion.

## BACKGROUND

Warren Hill sold its ownership interest in VAP to SFR. In exchange, SFR promised to make certain up-front payments, together with three annual "earnout" payments and other potential payments tied to specific triggers. The earnout payments, which are at issue in this case, are based on VAP's Net Income, a term defined specifically to include fees that VAP earns.

---

[2] Warren Hill is due to respond to these motions, which make numerous factual misrepresentations and should be denied, by August 10. That said, Bluestone and VAP assert that SFR has most or all of the documents Warren Hill seeks, *see infra*, so resolution of this Motion to Compel may significantly limit the scope of dispute for the motions to quash.

*See* Compl. at Ex. 1, § 1.2(d) (defining with specificity the term "Net Income"); *see also id.* § 1.2(e) (defining amounts due in connection with reserve accounts). Warren Hill alleges, *inter alia*, that VAP has earned more fees/revenue since the transaction closed than SFR is revealing and that, therefore, SFR has not paid Warren Hill what Warren Hill is owed.

Shortly after initiating this case, VAP amended its website to note that it has "affiliates." A brief search of publicly available information revealed that the members of VAP—including SFR—created the Bluestone affiliates. Warren Hill now believes—and counsel for both VAP and SFR have all but confirmed—that revenue Warren Hill contends is earned by VAP is being assigned and/or funneled to Bluestone and that Bluestone is merely acting as a front for VAP. Warren Hill contends that regardless of this potentially unlawful accounting, the fees are earned by VAP and, therefore, must be included in the earnout calculations.

SFR responded to Warren Hill's discovery requests on June 27, 2018. *See* Ex. 2. SFR produced fewer than 400 pages of documents (which barely touch on the core issues of the case). SFR largely failed to produce any of VAP's or Bluestone's financial information, despite the fact that these financial documents are at the heart of the case. Warren Hill believed—for a month—that it was working with SFR to achieve the production of these relevant documents, *see* Ex. 3, however, SFR failed to produce them. SFR's counsel informed Warren Hill that he was not "authorized" to produce the documents and told Warren Hill to file this motion.

## ARGUMENT

SFR primarily contends that (1) the VAP and Bluestone documents are not relevant because SFR has already told Warren Hill how it calculated the earnout payments and (2) the VAP and Bluestone documents are not in SFR's possession, so Warren Hill would need to subpoena VAP and Bluestone. These arguments lack merit.

3

*First*, Warren Hill contends that SFR has miscalculated the earnout payments by understating the fees/revenue earned by VAP during 2016 and 2017.  It now appears that VAP's fees are being understated by VAP and SFR because the revenue is being improperly booked to the Bluestone affiliates, instead of VAP.  Warren Hill contends that this is improper: the Vendor Payment Program (in which VAP operates) is open to "Qualified Purchasers" (as defined by Illinois), a designation that requires satisfaction of rigorous state requirements for financial capabilities, systems management, and more.  While VAP is a Qualified Purchaser, the Bluestone entities are not.  Because of this, the revenues in dispute *must* be earned by VAP, and the documents at issue will show this.  However, VAP and its members are apparently funneling those funds to the Bluestone entities.  Once the funds are properly accounted for, VAP's Net Income for the years in question will be higher than SFR has claimed, thereby increasing the payment owed by SFR to Warren Hill.

SFR disagrees that it should include these "Bluestone" amounts in the earnout calculation, but this disagreement is a merits issue—that is, each party will ultimately tell a jury why its version of the accounting is correct.  SFR cannot unilaterally block Warren Hill from discovery under Rule 26 simply because it thinks its merits position is correct.  *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (under "Federal Rule of Civil Procedure 26…'parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action'"); *Horner v. Cummings*, 2015 U.S. Dist. LEXIS 99421, at *18 (M.D.Pa. July 29, 2015) ("[A] party should not be limited by its opponent's theory of the case in determining what is discoverable."); *Trask v. Olin Corp.*, 298 F.R.D. 244, 263 (W.D. Pa. 2014).

There is nothing more relevant to this case than the question of VAP's Net Income (together with information relating to the reserve accounts) for 2016 and 2017.  SFR may

4

disagree with Warren Hill's position and may later argue that revenue funneled from VAP to Bluestone is not subject to the earnout calculation, but Warren Hill is entitled under Rule 26 to obtain documents that will allow it to track the flow of that money and argue that the revenue was VAP's (not Bluestone's) and thus should be included in the earnout calculation.

*Second*, SFR has repeatedly asserted that it is not in possession of the relevant documents because VAP and Bluestone have the documents, not SFR. This argument never made much sense, as SFR is at least the plurality (if not majority) owner of VAP, and likely Bluestone. Therefore, it has access to the records at issue and should produce them.[3] Nevertheless, SFR told Warren Hill to subpoena VAP and Bluestone—entities that are now trying (improperly) to avoid the subpoenas. But, in their pending motions to quash, VAP and Bluestone each contend that SFR does in fact *have access to the documents at issue*.[4] Thus, despite contending it did not have such access, SFR's own business affiliates now claim the opposite. The Court should thus hold that SFR has custody and/or control of these documents and overrule its objection.

## CONCLUSION

For the foregoing reasons, this Court should order SFR to produce the specifically identified documents in Exhibit 1, which Warren Hill needs to prove its case.

---

[3] "In the context of Fed. R. Civ. P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control." *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004). Thus, "control is defined as the legal right to obtain required documents on demand." *Id.*; *Frieman v. USAir Grp.*, 1994 U.S. Dist. LEXIS 16994, at *13-14 (E.D. Pa. Nov. 23, 1994); *Itochu Int'l, Inc. v. Devon Robotics, LLC*, 2014 U.S. Dist. LEXIS 192237, at *5 n.1 (E.D. Pa. Dec. 4, 2014); *Wallace v. Gen. Elec. Co.*, 1988 U.S. Dist. LEXIS 1868, at *3 (E.D. Pa. Mar. 4, 1988).

[4] (*See* D.E. 25, VAP Mtn to Quash, at 9-10; *id.* at 10-11; *id.* at 15; *id.* at 17 ("There is no need for VAP to provide the documentation already in the possession of SFR and forcing VAP to produce such documentation will be unnecessarily duplicative. If SFR is somehow not in possession ... then VAP will provide such documentation to SFR pursuant to its Operating Agreement and Illinois law."); (D.E. 26&27, Bluestone entities Mtn to Quash, at 11 ("SFR is a party to this litigation, and can produce the financial information....There is no need for Blue Stone Finance to produce its financial information since SFR is already in possession of the information...."); *id.* at 14 (arguing that if the information requested in the subpoenas "is relevant it will already be in the possession of SFR.").

                                                      Respectfully submitted,

                                                      */s/ Gregory S. Voshell*
                                                      Gregory S. Voshell
                                                      Thomas B. Helbig, Jr.
                                                      ELLIOTT GREENLEAF, P.C.
                                                      925 Harvest Drive, Suite 300
                                                      Blue Bell, PA 19422
                                                      (215) 977-1000

Dated:  July 31, 2018                               *Counsel for Plaintiff Warren Hill, LLC*

## **CERTIFICATION PURSUANT TO LOCAL RULE 26.1(F)**

The undersigned hereby certifies that counsel for Plaintiff Warren Hill, LLC attempted to resolve this discovery dispute with Defendant SFR Equities, LLC.  However, after reasonable effort to resolve this dispute, counsel for SFR Equities, LLC informed counsel for Warren Hill, LLC that he was not "authorized" to produce the documents in question.

*/s/ Gregory S. Voshell*
GREGORY S. VOSHELL

Dated: July 31, 2018

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this date, I have caused a true and correct copy of the forgoing to be served upon each attorney of record via the Court's ECF system.

*/s/ Gregory S. Voshell*
GREGORY S. VOSHELL

Dated: July 31, 2018