**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

WARREN HILL, LLC,

                              Plaintiff,

v.

SFR EQUITIES, LLC,

                              Defendant.

No. 2:18-01228-HB

---

**PLAINTIFF WARREN HILL, LLC'S RESPONSE TO**
**DEFENDANT SFR EQUITIES, LLC'S STATEMENT OF UNDISPUTED FACTS**

---

ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Dated: December 21, 2018

*Counsel for Plaintiff Warren Hill, LLC*

Plaintiff Warren Hill, LLC ("Warren Hill"), through its undersigned counsel, hereby responds to the Statement of alleged Undisputed Facts that Defendant SFR Equities, LLC ("SFR") filed in support of its Motion for Partial Summary Judgment.  The Court's policies do not expressly call for a separate Statement of Facts, which SFR nevertheless filed in connection with its Motion.  In an effort to preserve its rights, and to avoid any impression that SFR's Statement of Facts is "undisputed" for purposes of Rule 56, Warren Hill has prepared the following responses with specific citation to the record.[1]

### RESPONSE TO SFR'S STATEMENT OF ALLEGED FACTS

1.  ███████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████.

**RESPONSE:**  Admitted.

2.  ████████████████████████████████████████████
█████████████████

**RESPONSE:**  Admitted in part; disputed in part.  Warren Hill admits that AHG created SFR to serve as the entity that purchased Warren Hill's interest in Vendor Assistance Program, LLC.  Discovery is ongoing and Warren Hill lacks knowledge concerning, and therefore disputes, whether ████████████████████ have been created to manage companies that are not relevant to this case.

---

[1] Warren Hill reviewed the Court's published decisions in connection with responding to SFR's separately filed Statement of Facts.  Warren Hill located only a few such decisions where the Court appeared to consider a separate factual statement and corresponding response.  *See A.G. v. Lower Merion Sch. Dist.*, 2012 U.S. Dist. LEXIS 140250, at *26 n.10 (E.D. Pa. Sep. 28, 2012); *Hlywiak v. AMTRAK*, 223 F. Supp. 3d 395, 396 n.2 (E.D. Pa. 2016); *Blunt v. Lower Merion Sch. Dist.*, 826 F. Supp. 2d 749, 752 n.1 (E.D. Pa. 2011). While these cases appear to represent the minority of the Court's summary judgment opinions, Warren Hill wanted to provide an appropriate response to SFR's statement for the Court's consideration.

3. ████████████████████████████████████

████████████████████████████████████████████████

██████████████

**RESPONSE:** Admitted in part; disputed in part. ████████████████

████████████████████████████████. ████████████████████

██████████████████████████████████████████████

████████████████████████ (*See* Ex. 1, Member Interest Purchase Agreement at C-1

(guaranty of payment to Warren Hill of $1 million signed by Mr. Ginsburg, not Mr. Harris).) At

this stage, therefore, Warren Hill disputes ████████████████████████████

████████.[2]

4. ██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████.

**RESPONSE:** Admitted in part; disputed in part. By way of further response: (1)

Warren Hill agrees that VAP is a specialty finance company; (2) ████████████████████

████████████████████████████████████████████████

████████ and (3) while Warren Hill was unaware at the time ████████████████████████,

████████████████████████████████████████████████

_____

[2] The parties had been negotiating ████████████████████████, with SFR suggesting

that ████████████████████████████. Warren Hill is considering that proposal.

████████████████████ (*see* Ex. 5, Harris Dep. at 58:2-59:24.) Warren Hill lacks knowledge

concerning, and therefore disputes, ██████████████████████████████.

Discovery is ongoing in this case, and Warren Hill will supplement this response if/when new

documents or testimony address the issue.

     5.    ████████████████████████████████████

████████████████████████████████████.

     **RESPONSE:** Admitted.

     6.    ████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████.

     **RESPONSE:** Admitted in part; disputed in part.  Warren Hill admits that negotiations

between the parties began in 2015 and continued until February 2016.  Warren Hill further

admits that it was represented by Mr. Delaney and counsel in connection with the negotiations.

Warren Hill admits that the negotiations resulted in the MIPA.  Warren Hill disputes that the

negotiations ███████████ as the parties were negotiating.  (*See* Ex. 2, Declaration of Jim

Delaney ("Delaney Decl.") ¶¶ 28-40 (explaining complex nature of the detailed negotiations).)

     7.    ████████████████████████████████████

████████████████████████████████.

     **RESPONSE:** Admitted.

8.   ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████ ].

**RESPONSE:** Admitted in part; disputed in part.  Warren Hill admits that the MIPA

includes Section 1.2(d), which the parties have referred to as the earnout provision.  Warren Hill

disputes SFR's characterization of the contents of that provision.  Section 1.2(d) bases the

earnout payments on the definition of "Net Income", which itself is broken down into "Revenue"

and "Expenses," both of which are specifically defined terms.  The "Revenue" to be included in

the earnout payment encompasses, *inter alia*, "any and all **fees earned** by VAP in its capacity as

a manager or an administrator" of trusts relating to the business at issue **and** "any and all other

revenues **received** by VAP other than the Reserve Amounts," which were separately defined and

accounted for in Section 1.2(e).  (*See* Ex. 1, MIPA at § 1.2(d)(i)(A), (D) (emphases added);

*compare id.* to § 1.2(e) (addressing "Reserve Amounts").)  Thus, the specifically negotiated

definition of "Revenue," which is the backbone of the earnout provision, explicitly includes fees

earned (which fees may not necessarily be paid to VAP in the form of cash until sometime after

they have been earned), **as well as** other revenue that was received by VAP during the years in

question.  (*See* Ex. 1, MIPA at § 1.2(d)(i)(A), (D).)

9.   ██████████████████████████████████

███████

**RESPONSE:** Admitted.

10.   ████████████████████████████████████

███████

**RESPONSE:** Admitted.

11.   ████████████████████████████████████████

███████████████████████████████████████████████████

███████

**RESPONSE:**  Admitted.    By way of further response, SFR principal Gene Harris

testified ██████████████████████████████████████. (Ex. 5, Harris Dep. at 138:8-

139:20, 189:11-22.)

12.   ████████████████████████████████████████

█████████████████████████.

**RESPONSE:**  Disputed.  Schedule 1.2(d) is a component of the MIPA, which was the

product of negotiation between SFR and Warren Hill.  (Ex. 2, Delaney Decl. ¶¶ 28-40.)

██████████████████████████████████████████. (See Ex. 5,  Harris

Dep. at 128:15-130:20; Ex. 29 (███████████████████████████████████████

█████████████████████████████████████████). ████████

█████████████████████████████████████████████

████ (Ex. 5, Harris Dep. at 138:8-139:20, 189:11-22.)

13.   ████████████████████████████████████████

████████████████████████████.

**RESPONSE:**  Disputed. SFR has misquoted Schedule 1.2(d) in a material way.  The

actual Schedule reads "Income **'when received'**" and "Expenses **'when paid.'**" (Emphasis

added to denote phrases actually in quotation marks.)  As set forth in Warren Hill's responsive

brief, this is a factually and legally significant distinction, as the placement of the quotation

marks signifies that the terms "when received" and "when paid" carry a specific connotation

under the terms of the agreement.  (*See* Warren Hill Br. at Argument § II.B.)  Moreover,

Schedule 1.2(d) is not calculated on a "cash" basis—rather, Section 1.2(d) features a formula that is a hybrid of accrual-based and cash-based elements. (*See* Warren Hill Br. at Argument § I.A-C (detailing relevant terms of MIPA, including Schedule 1.2(d).)

14. ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

**RESPONSE:** Disputed. In the run-up to the first earnout payment, Warren Hill sought information about VAP's financial performance from Mr. Reape, who provided Warren Hill with a limited amount of information. (Ex. 2, Delaney Decl. ¶¶ 41-42.) Mr. Reape subsequently informed Warren Hill that his business partners were upset with him for having shared that information. (*Id.* ¶ 44.) Warren Hill used that limited information to create a spreadsheet relating to 2016 and shared that spreadsheet with SFR. (*Id.* ¶ 43.) When SFR responded to the spreadsheet, it provided comments relating to expenses that it planned to deduct when calculating the first earnout payment, but SFR did not supplement the spreadsheet with VAP's earned fees to the extent they were not already listed in the spreadsheet. (*Id.* ¶ 45.) During the following weeks, SFR and Warren Hill corresponded about SFR's stated intentions (from which it ultimately relented) to take ineligible deductions for amounts relating to purported expenses that were not permitted to be included in the earnout calculation. (*Id.* ¶ 47.) At no time during this correspondence did Warren Hill ever agree that earned but unpaid fees would be excluded from "Revenue", as defined in Section 1.2(d), or that the formula set forth in Section 1.2(d), which includes both cash and accrual concepts, was instead calculable on a strictly cash accounting basis. (*Id.* ¶ 35-40.)

Warren Hill further disputes that SFR based the earnout on "cash income," ███████████

██████████████████████████████████████████████

█████████ (*Compare* Ex. 23 *with* Ex. 8, ██████████████████████████

█████████████████████████████████████████████

█████; Ex. 3, Reape Dep. at 170:18-173:13 (█████████████████████████

████████████████████████████ *see also id.* at 154:7-159:20 (████████████

████████████████████████████.)

15.   █████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████.

**RESPONSE:** Disputed.  Warren Hill incorporates its response to Paragraph 14 as though set forth fully herein.

16.   █████████████████████████████████████

██████████████████████████████████████████████

█████████████████  ███████████████████████████

██████████████████████████.

**RESPONSE:** Disputed.  Warren Hill incorporates its response to Paragraph 14 as though set forth fully herein.  By way of further response, the operating expenses used to calculate the 2016 earnout were based on the predefined, fixed operating expense allowances set forth in Section 1.2(d)(ii), not on VAP's actual cash operating expenses███████████.  (Ex. 1, MIPA § 1.2(d)(ii)(A)-(B).)

17.   ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████.

**RESPONSE:** Admitted in part; disputed in part.  Warren Hill admits that Mr. Hynes was

a founder of VAP in or around 2010, that ████████████████████, and that CHGO is a

member of VAP.  Warren Hill disputes that Mr. Hynes has been ████████████████

████████████████████.  From 2012 through Warren Hill's sale of its interest in

VAP, the operational day-to-day role was handled primarily by Mr. David Reape and/or Mr.

Jason Cannon. (Ex. 2, Delaney Decl. ¶ 17.) ████████████████████

████████████████████████████████████.  (Ex. 6,

*Compare* Ex. 30 ████████████████████████████

████████████████) *with* Ex. 6, Hynes Dep. at 77:9-13 (████████

████████████████████████)

18.   ████████████████████████████████

████████████████████████████████████████

████████████.

**RESPONSE:** Admitted in part; disputed at this stage in part.  Warren Hill admits that

Mr. Hynes is a lobbyist in Illinois, that he has many political ties within Chicago politics, that he

is an attorney at Howard & Howard, and that he described himself as a businessman. At this

stage, Warren Hill lacks information sufficient to determine whether Mr. Hynes "████████

████████.  While ████████████████████████, it is unclear at this stage of

discovery whether ████████████████████████████████.

19. ███████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

**RESPONSE:** Admitted in part; disputed in part. Warren Hill admits that ███████████

███████████████████████████████████████████████

██████████████████████████████████████████.

Warren Hill disputes that ████████████████████. ████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████. (Ex. 5, Harris Dep. at 67:13-21.) ████████████████████████

███████████████████████████ (*Id.*) ███████████████████████████

█████████████████████████████████████. (*Id.* at 68:5-8.) █████████

██████████████████████████████████. (*Id.* at 68:9-17; Ex. 31, █████████

███████████. ███████████████████████. (Ex. 5, Harris Dep. at 68:18-21.)

█████████████████████████████ ███████████████████████████

████████████████████████████████████████████). (*Id.*, at

68:22-25.) ███████████████████████████████████████████████

████████████████████████████████████████████████████

████████ (*Id.* at 67:13-21, 68:5-25, 209.) ████████████████████████

████████████████████████████████████████████████████████'

9

████████████████████████████████████████████████████████

████████████████████████████████. (Ex. 32, ████████████████

████████████████████ Mr. Harris conceded that ██████████████████." (Ex.

5, Harris Dep. at 69:12-70:19.)

    20.    ██████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████.

    **RESPONSE:**  Admitted in part; disputed in part, including as to the legal conclusions

embedded in the alleged "fact." ████████████████████████████

████████████████████. ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████

    Warren Hill lacks knowledge concerning, and therefore disputes, the timing of when

██████████████████████████████. There is no contemporaneous

evidence supporting the assertion of when ████████████████████████

████████████████ The only written evidence on the issue was ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████████.

(*See* Ex. 3, Reape Dep. at 214:6-215:9; *see also* Ex. 33 ███████████████████

████████████████████████████████

    21.    ███████████████████████████████

████████████████████████████████████████████

██████████████.

    **RESPONSE:** Disputed, including as to the legal conclusions contained therein (*i.e.*, the

conclusion that ██████████████████████████). Warren Hill (1) disputes

███████████████████████████████████

█████████████████████████████████████████

██████████████.

    As to the first point, the new risk retention requirements did not, as a matter of law,

████████████████████████████, and SFR proffers no argument in

its Statement of Facts or Memorandum of Law to suggest otherwise. ███████████

███████████████████████████████████

█████████████████████████████

█████████████████████████████████████

████████████████████████████████████. (*See,*

*e.g.,* SFR's Motion at Mr. Hynes Declaration at Ex. F, ██████████████ at 4, 6 (████

████████████████████████████████

████████████████████████████████

███████████████████████████

█████████████████████████████████████

███████████████████████████████

████████████████████████████████████████████████████████████

████████████████████

　　　　As to the second point, Warren Hill has adduced substantial evidence already (even

though discovery is still ongoing) to show that ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████. Specifically:

　　　　(1) ████████████████████████████████████████████

████████ ) (*See* Ex. 5, Harris Dep. at 197:10-17, 199:23-200:1; Ex. 3, Reape Dep. at 210:16-

211:16.)

　　　　(2) ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ (Ex. 5, Harris Dep. at 197:10-25; *see also* Ex. 31, ████

████████████████████);

　　　　(3) ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ (Ex. 21 (████████████████████

████████████████████████████████████); Ex. 30 (same)) ;

　　　　(4) ████████████████████████████████████████

████████████████████ (Ex. 21 (████████████████████████████

████████████████████████████));

(5) ████████████████████████████████

████████████████████████████████████

████████████████████████, (*id.*);

(6) ████████████████████████████████

████████████████████████████████████

████████████████████████████████

████████████ (Ex. 3, Reape Dep. at 287:18-288:14; Ex. 4, Wilson Dep. at 175:4-

177:21; Ex 30 (████████████████████████████

████████); Ex. 34 ████████████████████████

████████)

(7) ████████████████████████████████

██████████████████████████████████

████████████████████████████████

(Ex. 22 (████████████████████); Ex.6, Hynes Dep. at 77:9-13);

(8) █ ████████████████████████████████

██████████████████████████████████

████████████████████████ (Ex. 3, Reape Dep. at 202:15-

23; Ex. 4, Wilson Dep. at 65:15-66:10, 71:23;  Ex. 5 Harris Dep. at 231:18-233:8.)

(9) ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████ (*see* Warren Hill

Resp. to ¶ 30, *infra*);

(10) ███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ (Ex. 3, Reape Dep. at 136:15-20); and

(11) ██████████████████████████████████████████████████

██████████████████████ (Ex. 27, ██████████████████████

Discovery is still ongoing, and additional documents have been sought from SFR that

Warren Hill expects will further confirm that █████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████.

22.   ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████

**RESPONSE:** Admitted.  By way of further response, ████████████████████

████████████████████████████████████████████████████

██████████████████████████████ (Ex. 2, Delaney Decl. ¶¶ 41-42.)

23.   █████████████████████████████████████████████████

████████████████████████████████████████████████████.

**RESPONSE:** Admitted in part; disputed in part. ████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████ (*See* Warren Hill Br. at Argument § I.C).

24.   ██████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████.

**RESPONSE:** Admitted in part; disputed in part. ████████████████

██████████████████████████████████████████████. Warren

Hill disputes that ██████████████████████, for the reasons Warren Hill articulates

in its responses to Paragraphs 21- 23 and 30, which responses Warren Hill incorporates herein.

25.   ████████████████████████████████████

████████████████.

**RESPONSE:** Admitted in part; disputed in part. ████████████████

██████████████████████████████. Warren Hill disputes that ████████

████████████████, for the reasons Warren Hill articulates in its responses to

Paragraphs 21-23, and 30, which responses Warren Hill incorporates herein.

26.   ██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████.”

**RESPONSE:** Admitted in part; disputed in part. ██████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████”.  (Ex.

3, Reape Dep. at 273:20-277:7.) ████████████████████████████████

██████████████████████████████████████████████

██████████████████ (Ex. 5, Harris Dep. at 167:6-9; Ex. 21 (████████████

██████████████.) ████████████████████████████████████████

████████████████████████████████████████████████

██████████████ (Dkt. No. 38, ████████████████.) ████████████████

███████████████████████████████████████████████

██████████████████████████ (*Compare  id. with* Ex. 36-37 (████████████

████████████████████████████████████).)

████████████████████████████████████████████

██████████████████████████████████████████████████████

16



██████████████████████████████████████████████████

████████. (Ex. 36.) ███████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

███ (*Id.* (████████████████████); *see also* Ex. 37 (████████████████████

████   ███████████████████████████████████████████n.  (*Id.*; *see*

*also* Ex. 4, Wilson Dep. at 257:6-9 (████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

████████.) ██████████████████████████████████

██████████████████████████████████████████

██████ (Ex. 5, Harris Dep. at 322:22-323:2) ██████████████████████

██████████████████████████████████████████████████

██████████████ (Ex. 4, Wilson Dep. at 258:8-12). ██████████████████

█████████████████████ (*Id.* at 257:6-16.)

██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████. (*See* Warren Hill Br. at Argument § I.B.2.)

█████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████.

17

27. ███████████████████████████████████████████

█████████████████████████████████████

**RESPONSE:** Admitted in part; disputed in part. ███████████████████

████████████████   ████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████ (*See* Warren Hill Br. § I.C.)

28. ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████.”

**RESPONSE:** Admitted.

29. ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████

**RESPONSE:**  Admitted in part; disputed in part.  ███████████████

███████████████████████████████████████████████████

█████████████████████  ████████████████████

███████████████████████████████████████████

████████████████████████████████████  (*see* Warren Hill Br. at §

I.B.3) and because of the ███████████ of VAP and BCM (*id.* at § I.C).

30.   ████████████████████████████████████

███████████████████████████

████████████████████████████████

███ ████ ███ █ ███ ████ ████ ███

█████████████████████████████████

█████████████████████████████████

█████████████████████████████████

█████████████████████████████████

██████████████████████████

████████████████████████████████

█████████████████████████████████

█████████████████████████████████

███ ████ ██ ████ ████ ██ █ ████

████████████████

████████████████████████████████████████

█████████████████.

**RESPONSE:**  Admitted in part; disputed in part.  Warren Hill admits that ███████████

█████████████████████████.  Warren Hill disputes that ████████████

████████████████ alter SFR's obligations under the MIPA ████████████████

████████ .  ██████████████████████████████

████████████████████████████ .  █████████████



(Ex. 3, Reape Dep, at 119:23-121:16, 170:18-173:13, 180:21-181:19.)

In summary, under this supposed

(Ex. 5, Harris Dep. at 205:6-207:20.)

(Ex. 3, Reape Dep. at 136:15-20.)

(Ex. 5, Harris Dep. at 210:19-212:7.)

██████████████████████████████████████████

████████████████████████.

31.   ████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████.

**RESPONSE:**  Admitted in part; disputed in part.  ████████████████████

████████████████████████████████  Warren Hill disputes that  ████████

███████████████  because (1) VAP's disclosures to the State of Illinois indicate that VAP

████████████████████████████████████████

███████████████████████  (VAP Disclosures,[3] at 97 (representing  █████████████

██████ (2)  ████████████████████████████████

████████████████████████████████████████

████████████████████████  (Warren Hill Br. § I.B.2), and (3)

Warren Hill contends that VAP, BSF, and BCM are  ████████████████████

████████  (*id.* § I.C).

32.   ███████████████████████████████████

████████████████████████████████████



―――――――――――――

[3] These disclosures were used as Warren Hill Deposition Exhibits 96 and 97, but due to their volume, Warren Hill directs the Court to the online version.  (Ex. 5, Harris Dep. at 100:22-101:17);  Illinois  Comptroller  Website,  VAP  Disclosures,  *available  at* https://illinoiscomptroller.gov/comptroller/assets/File/QualifiedPurchaserMonthlyReports/2018/ October/VendorAssistanceProgramLLC_October%202018.pdf. Warren Hill will provide a hard copy if the Court would prefer.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████

**RESPONSE:**  Admitted in part; disputed in part.  Warren Hill admits that various VAP and AHG personnel ██████████████████. ███████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

█████████████(Dkt. No. 38, ██████████████████) and (2) █████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

█████████(Ex. 21 █████████████), Ex. 34 (█████████████████████████

██████████████ Ex. 40 (██████████████████████████████████); Ex. 41

████████████████████████████████████) Any business

conducted by BSF during this period could not have been "███████████████████████

████████████████████████████████████████.  (*Id.*)

Moreover, Warren Hill disputes that BSF was ██████████████ for the reasons

Warren Hill articulates in its response to Paragraph 31, which response Warren Hill incorporates

herein.

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████. (Ex. 3, Reape Dep, at 119:23-121:16, 170:18-173:13, 180:21-181:19.)

In addition, Warren Hill disputes that "███████████████████████████

████████████████ for the reasons Warren Hill articulates in its response to Paras. 21- 23, and 30,

which responses Warren Hill incorporates herein.

33.     ███████████████████████████████████████████████

██████████████████████████████████████████████.

**RESPONSE:**  Admitted in part; disputed in part.  Warren Hill admits that BSF and BCM

were each formed as limited liability companies. Warren Hill lacks knowledge concerning, and

therefore disputes, █████████████████████████████████████

████████████████████████.

34.     ███████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████.

**RESPONSE:**  Admitted in part; disputed in part.  █████████████████████

████████████████████████████████ which payment SFR claims to represent the

2017 earn out. █████████████████████████████████████

████████████████████████████████. Warren Hill disputes the sufficiency of

such payment under the terms of the MIPA as well as the methods by which SFR apparently

calculated such payment.

23

Respectfully submitted,

*/s/ Gregory S. Voshell*
Gregory S. Voshell
Thomas B. Helbig, Jr.
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Dated: December 21, 2018                    *Counsel for Plaintiff Warren Hill, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this date, I have caused a true and correct copy of the forgoing to be served upon each attorney of record via electronic mail, the Court's ECF system, and U.S. mail.


*/s/ Gregory S. Voshell*
GREGORY S. VOSHELL


Dated: December 21, 2018