IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN HILL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SFR EQUITIES, LLC,<br><br>    Defendant. | No. 2:18-01228-HB |

### PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Warren Hill, LLC, through counsel, respectfully submits this Sur-Reply in further Opposition to Defendant SFR Equities, LLC's Motion for Partial Summary Judgment.

**I.    Only VAP Earns the Section 1.2(d) Management Fees at Issue.**

SFR argues for the first time in its reply brief that VAP does not "earn" the management fees in dispute under Section 1.2(d) of the MIPA. To do so, SFR claims that ▮▮▮▮▮ ▮▮▮▮▮ (Reply Br. at 4) and that Warren Hill did not ▮▮▮▮▮ (*id.* at 5). These statements are not true. The record is summarized as follows:

- VAP's ▮▮▮ testified that ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ Ex. 3, Reape Dep. at 105:4-23, 113:12-16, 128:14-17, 154-55, 224:1-6, 180:6-181:20-182:22; Ex. 4, Wilson Dep. at 150:22-151:24, 224:19-225:8; Exs. 7-8, 11, 19 at 2);

- VAP receives the fees that it earns ▮▮▮▮▮ via wire transfer (Ex. 3, Reape Dep. at 152:3-153:13, 154:7-155:2), and each year, VAP's ▮▮▮, on behalf of VAP, requests that the Trustee ▮▮▮) for each trust confirm the precise amount of fees that VAP

1

earned during the fiscal year, including origination fees (Exs. 7-8, 11);

- VAP remains ▆▆▆▆▆▆▆▆▆▆ and VAP remains responsible ▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (*See* Ex. 12, at §§ 2.01, 2.10(a); Ex. 13, at §§ 2.01, 3.01, 6.01; Ex. 14, at §§ 2.01, 3.01, 6.01; Ex. 15, at §§ 2.01, 2.10(a); Ex. 16, at §§ 2.01, 2.10(a); Ex. 17, at §§ 2.01, 3.01, 6.01; Ex. 18, at §§ 2.01, 3.01, 6.01.) ▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆ (*See* Hynes Decl., Exs. K-P, at 1 (stating that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆ and

- VAP holds itself out to the State of Illinois as earning the fees at issue,[1] and has neither ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, nor ▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆. (Ex. 3, Reape Dep. at 82:21-83:5, 198:1-3; Ex. 9, Program Terms at 4-6; Ex. 11).  Brian Hynes, a VAP founder, testified last year before the Illinois Commission on Government Forecasting and Accountability and did not mention Bluestone.[2]  Rather, Mr. Hynes testified about the receivables that *VAP* "purchased," the total amount of penalty fees that *VAP* had been paid, and the total amount still "owed to" *VAP*—VAP is "owed" this money because, ▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.[3]

---

[1] *See* Illinois Comptroller Website, VAP Disclosures, *available at* https://illinoiscomptroller.gov/comptroller/assets/File/QualifiedPurchaserMonthlyReports/2018/October/VendorAssistanceProgramLLC_October%202018.pdf);

[2] The public testimony can be located via a "Meeting Audio" link at: http://cgfa.ilga.gov/MeetingInformation.aspx?id=108.  Mr. Hynes' testimony begins at minute 21:20 of the audio and concludes at approximately minute 44:00.

[3] Warren Hill contends that the record clearly demonstrates that VAP earned the fees at issue— ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆n and even SFR ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ (Reply Br. at 3; *see* SFR St. of Alleged Facts ¶ 4.)  By contending

Simply put, VAP represents to ▮▮▮, the State of Illinois, VAP's ▮▮▮, state vendors, and others that VAP is the qualified entity responsible for managing the trusts, that VAP is earning the management fees in question, and that VAP is still owed outstanding amounts by the State. The contrary, litigation-driven narrative that SFR has delivered to this Court is flatly refuted by the record.[4]

### II. SFR's New Assignment Argument Is Contrary to the Law and the Record.

In sworn testimony, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 3, Reape Dep. at 195:14; Ex. 4, Wilson Dep. at 252:5-10), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. SFR is attempting to distance itself from this undisputed testimony by attempting, in its reply, to couch the VAP/Bluestone relationship as involving some sort of "assignment." This argument fails.

*First*, SFR argues that the assignment does not violate the Program Terms because Assigned Receivables may be pledged as collateral to secure an applicable credit facility under Program Term § II.6. (SFR Reply at 6-7.) But, Warren Hill does not challenge the pledging of Assigned Receivables as collateral to secure credit; instead, Warren Hill contends that the subsequent, purported assignment ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

*Second*, SFR contends that VAP has not "been deemed to be out of compliance by the

---

that Bluestone earns the fees for the first time in its reply, SFR undermines its motion by injecting new factual arguments that it claimed in its moving papers are not necessary for resolution of its motion.

[4] SFR contends that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (SFR Reply Br. at 5.) Not so. Warren Hill disputes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ By way of example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 4, Wilson Dep. at 261:14-262:7.) Warren Hill's experts will address this at the time set forth in the Scheduling Order.

State of Illinois" and that any challenge to VAP's compliance with the Program Terms violates principles of prudential standing. (*Id.* at 7.) VAP, however, has never ███████████ ███████████████████████████████████████████████ in fact, in recent disclosures to the State, VAP held itself out as receiving all of the fees at issue and distributing its earnings to its owners, not ███████████████████████████████ *See* Ex. 28; Ex. 5, Harris Dep. at 96:22-97:18; 98:2-99:8; *see also supra* Notes 1-2.)

In addition, Warren Hill is not seeking to "assert[] the legal claims of third parties." (SFR Reply Br. at 7.) Warren Hill is asserting its own rights under the MIPA. The legal and contractual problems implicated by SFR's proffered narrative are, *inter alia*, further proof of SFR's wrongful attempt to deflate the earnout payments and of Warren Hill's entitlement to funds that SFR sought to shelter ███████████. Moreover, these purported assignments in the ███████████ would violate the Program Terms, and this Court cannot credit contracts that would violate the law. *Ill. Police v. FOP Troopers Lodge No. 41*, 323 Ill. App. 3d 322, 328, 256 Ill. Dec. 424, 429, 751 N.E.2d 1261, 1266 (2001) ("a court may refuse to enforce contracts that violate law or public policy."); *Chi. Food Mgmt., Inc. v. Chicago*, 163 Ill. App. 3d 638, 645, 114 Ill. Dec. 725, 729, 516 N.E.2d 880, 884 (1987) (same).

***Third***, SFR also claims, without a record citation, that VAP does not perform work and therefore it is permissible to allocate fees that VAP earns under the management agreements to the Bluestone entities. SFR's statement is inconsistent with VAP's disclosures to Illinois. (*See supra* Notes 1-2; Ex. 28.) In any event, it does not help SFR because the description is, if anything, consistent with the testimony of ███████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████.

### III. The Section 1.2(d) Dispute is Distinct from the Section 1.2(e) Dispute.

Finally, the parties have a serious dispute concerning the trust certificates that SFR mentions, without context, throughout its reply. SFR attempts to shoehorn the trust certificate dispute into the parties' dispute over management fees in Section 1.2(d). But, the trust certificate dispute implicates a different pool of money—"Reserve Amounts"—that are covered by Section 1.2(e). (Supp. Ex. 3, Reape Dep. at 242:24-243:5 (███████████████

███████████████████))[5] In general, the value of the trust certificates includes funds that, ███████████████████████████████

███████████████████████████████████. Warren Hill contends that these trust certificates are "financial instruments," as contemplated by Section 1.2(e), and that the circumstances of their transfer to BCM were fraudulent. Warren Hill argues that SFR owes, or will owe, Warren Hill money under the terms of Section 1.2(e). SFR does not cite Section 1.2(e), nor does it seek judgment relating to that provision. The Court should deny as premature any attempt by SFR to obtain a judgment of any kind relating to the trust certificates.

### CONCLUSION

For these reasons, Warren Hill respectfully requests that this Court deny SFR's Motion.

Respectfully submitted,

*/s/ Gregory S. Voshell*
Gregory S. Voshell
Thomas B. Helbig
Elliott Greenleaf, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Dated: January 10, 2019              *Counsel for Plaintiff Warren Hill, LLC*

---

[5] Warren Hill submits these additional pages of Mr. Reape's testimony to clarify for the Court the distinction between ███████████████████████████████████████.

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this date, I have caused a true and correct copy of the forgoing to be served upon each attorney of record via electronic mail, the Court's ECF system, email and U.S. mail.

*/s/ Gregory S. Voshell*
GREGORY S. VOSHELL

Dated: January 10, 2018

# SUPPLEMENTAL EXHIBIT 3

[redacted]

MAGNA
LEGAL SERVICES






