```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| WARREN HILL, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SFR EQUITIES, LLC | : | NO. 18-1228 |

MEMORANDUM

Bartle, J.                                             March 15, 2019

      Plaintiff Warren Hill, LLC has brought this diversity action against defendant SFR Equities, LLC, for damages arising out of an alleged breach of the Membership Interest Purchase Agreement ("MIPA") governing the sale to defendant of plaintiff's interest in a company named Vendor Assistance Program, LLC ("VAP"). Defendant moved for partial summary judgment as to the interpretation of § 1.2(d) of the MIPA requiring defendant to pay plaintiff a percentage of VAP's net income for a three-year period. We granted the motion in part and denied it in part.

      Before the court is the motion of defendant for reconsideration of that portion of our February 8, 2019 order which denied in part defendant's motion for partial summary judgment. Specifically, the court rejected defendant's motion to the extent that defendant sought to exclude as a matter of law the payments from VAP to Bluestone Capital Markets, LLC and

Blue Stone Finances, LLC in the calculation of VAP's net income under § 1.2(d) of the MIPA.  In the alternative, defendant seeks to have the court enter an order under 28 U.S.C. § 1292(b) so as to enable defendant to seek permission from the Court of Appeals for an immediate appeal of the court's interlocutory February 8, 2019 order.

A party requesting that a court reconsider an order must identify "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  It is improper to use a motion for reconsideration to ask a court to rethink what it has already thought through.  Blunt v. Lower Merion Sch. Dist., 559 F. Supp. 2d 548, 574 (E.D. Pa. 2008), aff'd, 767 F.3d 247 (3d Cir. 2014).  Defendant does not contend that there has been an intervening change in the law or that there now exists the availability of new evidence.

Defendant argues that the court made a "manifest error of fact and law" by considering extrinsic evidence to interpret § 1.2(d) of the MIPA.  Under Illinois law, the meaning of a contract is ordinarily a question of law.  Hufford v. Balk, 497 N.E.2d 742, 744 (Ill. 1986).  When the contract contains an

integration clause, the court may not go beyond the contract's four corners to interpret its language. Air Safety, Inc. v. Teachers Realty Corp., 706 N.E.2d 882, 885 (Ill. 1999).

We did not consider extrinsic evidence when we determined that § 1.2(d) of the MIPA requires defendant to include VAP's payments to the Bluestone entities in the calculation of VAP's net income. Instead, we looked at the unambiguous language in the MIPA and applied this interpretation to the undisputed facts in the record. See generally Sodowski v. National Flood Insurance Program, 834 F.2d 653 (7th Cir. 1987). Because the language of the MIPA defines "Revenue" to include "any and all fees earned by VAP in its capacity as manager" of certain trusts, this necessarily includes the payments from the trusts to VAP, the only manager of the trusts. VAP's subsequent use of these funds, including paying the Bluestone entities, does not impact this definition.

Defendant moves in the alternative for the court to certify the order for interlocutory review. Under 28 U.S.C. § 1292(b), a district judge may certify an issue for interlocutory review when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

There is a "substantial ground for difference of opinion" when "the matter involves one or more difficult and pivotal questions of law not settled by controlling authority." Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008) (internal quotations omitted). To determine if an interlocutory appeal would "materially advance the ultimate termination of the litigation," the court must consider factors including "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties" Id. at 600.

Even if this standard is met, the decision to certify is within the discretion of the trial court. Id. at 599. The burden rests on the moving party to demonstrate that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment." Id. (internal quotations omitted). These circumstances are not present here.

Interpreting the unambiguous language of the MIPA did not involve any "difficult and pivotal questions of law not settled by controlling authority." Thus, there is not a "substantial ground for difference of opinion." Moreover,

-4-

defendant makes no argument that certification of this issue would "materially advance the ultimate termination of the litigation." Rather, it simply points to how the court's interpretation of the MIPA could impact the parties' ongoing performance under the MIPA.  Trial would not be avoided or simplified, and discovery would not be expedited.

      Accordingly, the motion of defendant for reconsideration of the order filed February 8, 2019, or alternatively, for interlocutory review of the order, will be denied.