## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN HILL LLC, | | CIVIL ACTION |
| | Plaintiff, | 2:18-cv-01228 |
| v. | | |
| SFR EQUITIES, LLC, | | |
| | Defendant. | |

## REPLY BRIEF OF SFR EQUITIES, LLC IN SUPPORT OF SFR'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOCKET NO. 73]

WHITE AND WILLIAMS LLP

BY:   /s/Thomas M. Pinney
      Thomas M. Pinney
      Michael N. Onufrak
      1650 Market Street | One Liberty Place,
      Suite 1800 '
      Philadelphia, PA 19103-7395
      Phone: 215.864.6371
      Attorneys for Defendant,
      SFR Equities, LLC

Date: May 24, 2019

22849001v 3

Defendant SFR Equities, LLC ("SFR"), submits this Reply Brief in Support of SFR's Motion for Partial Summary Judgment (Docket #73) in order to address several inaccuracies set forth in the Plaintiff's Warren Hill, LLC ("Warren Hill") Memorandum of Law in Opposition to SFR's Motion for Partial Summary Judgment.

## ARGUMENT

A.     SFR Does Not Control VAP, BCM or BSF.

Despite Warren Hill's assertions to the contrary, SFR does not control Vendor Assistance Program, LLC ("VAP"), Blue Stone Capital Markets, LLC ("BCM") or Blue Stone Finance, LLC ("BSF"). As set forth in the Statements of Undisputed Fact filed by SFR in support of its Motion for Partial Summary Judgment (Docket #76), and as conceded by Warren Hill, SFR owns equity in all three entities but has only one seat on each entity's Board of Managers. While SFR, through Gene Harris, voted to approve the creation of BCM and BSF so did the other managers of VAP. Further, there is no evidence in the record, nor could there be, that the creation of BCM and BSF and the alterations to VAP's business model were at the direction of SFR.

B.     VAP, BCM and BSF Are Not Alter Egos.

VAP, BCM and BSF are not alter egos, nor is there any evidence in the record that they are. These entities were established by VAP's Board of Managers to fulfill legitimate business purposes and are run as separate and distinct businesses. (SFR's Statement of Undisputed Material Facts, at 18 – 20; Harris Decl. at 8-9; *see* Report of Edward Waddington dated March 14, 2019, attached as Exhibit 3 to SFR's Response to Warren Hill's Motion for Summary Judgment (Docket #73)). While the three entities share common ownership, the record shows (and Warren Hill cannot deny) that (i) the three entities observe corporate formalities, (ii) there is no indication that any of the entities is insolvent or improperly capitalized, (iii) they each maintain at least one independent manager chosen by the other managers, and (iv) all deal with each other on an arm's length basis. Accordingly, Warren Hill's alter ego allegations must fail. *Gass v.Anna Hosp. Corp.*, 392 Ill. App. 3d 179 (2009) (In determining the unity of interest of ownership prong of the piercing the corporate veil test, a court must not rest its analysis on one factor). Nor is there some manifest injustice or fraud at play here. This is simply an instance where the terms of the MIPA are inapplicable to payments made under the trust certificates held by BCM. Other than Warren Hill's self-serving conclusions, there is simply nothing in the record to support a finding that they are alter egos. Because this argument fails as a matter of both law and fact, it is only SFR's interpretation of Section 1.2(e)(iii) that remains true to the actual language of the MIPA. SFR's Motion for Partial Summary Judgment should be granted.

C.     Warren Hill Continues to Misconstrue Section 1.2(e).

Warren Hill continues to misconstrue Section 1.2(e). Its language is clear. With respect to Section 1.2(e) it is clear that, except in the specific case of the 2012-1 Reserve Account, future payments would be due to Warren Hill only in the event of financing arrangements among VAP and any of *its* lenders. Warren Hill concedes that under the trust's current financing

arrangements, VAP is not a borrower or obligor with respect to any of the trusts, however it asks the Court to disregard this clear requirement.

The weakness of Warren Hill's argument with respect to Section 1.2(e)(iii) is exposed, in part, by its tortured digression regarding the semantic differences regarding the use of "between" and "among". It is proper to use "among" when discussing the relationship of more than two things – such as the relationship among VAP and potential future lenders to VAP at the time that the MIPA was being negotiated.   Warren Hill asks the Court to go beyond the words of the MIPA to make an interpretation not based on the factual record, but rather, based on Warren Hill's now claimed "intent". Warren Hill ignores the words of the MIPA in an attempt to revise it to suit its position post-contract. This shows that, if SFR is not entitled to summary judgment, there are material issues of fact and Warren Hill's Motion must be denied.

SFR paid over $600,000.00 to Warren Hill for the funds released from the 2012-1 Reserve Account because the 2012-1 Reserve Account was specifically and clearly referenced in Section 1.2(e)(i).  It was the intent of the parties that a portion of the funds accrued and released from the 2012-1 Reserve Account after the effective date of the MIPA would be paid to Warren Hill under the terms of the MIPA. Warren Hill's argument with respect to the modifying phrase at the end of Section 1.2(e) with respect to financing arrangements among VAP and its lenders is irrelevant in the context of Section 1.2(e)(i).  Despite Warren Hill's assertions, the payment of the 2012-1 reserve amounts under Section 1.2(e)(i) does not alter the construction of the language of Section 1.2(e)(iii).

D.     Conclusion.

In conclusion, it is Warren Hill that continues to misrepresent the relationship among VAP, BCM and BSF, the terms of the MIPA and Section 1.2(e)(iii) of the MIPA.  Warren Hill's Motion for Summary Judgment should be denied and SFR's Motion for Summary Judgment should be granted.

WHITE AND WILLIAMS LLP


BY:    /s/Thomas M. Pinney
       Michael N. Onufrak
       Thomas M. Pinney
       1650 Market Street ¡ One Liberty Place,
       Suite 1800 |
       Philadelphia, PA 19103-7395
       Phone: 215.864.6371
       Attorneys for Defendant,
       SFR Equities, LLC

Date: May 24, 2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Reply Brief

of SFR Equities in Support of SFR's Motion for Partial Summary Judgment was filed under seal

with the Court and served electronically on all counsel of record.

WHITE AND WILLIAMS LLP


BY:   /s/Thomas M. Pinney
      Thomas M. Pinney
      1650 Market Street | One Liberty Place,
      Suite 1800 |
      Philadelphia, PA 19103-7395
      Phone: 215.864.6371
May 24, 2019                  Attorneys for Defendant,
      SFR Equities, LLC

22849001v 3