**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WARREN HILL, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>SFR EQUITIES, LLC,<br><br>                    Defendant. | No. 2:18-01228-HB |

**PLAINTIFF WARREN HILL, LLC'S RESPONSE IN**
**OPPOSITION TO THE THIRD PARTY MOTION TO QUASH**

**ELLIOTT GREENLEAF, P.C.**

Gregory S. Voshell
Thomas B. Helbig, Jr.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000 (p) / (215) 977-1099 (f)
gsv@elliottgreenleaf.com
tbh@elliottgreenleaf.com

*Counsel for Plaintiff Warren Hill, LLC*

Dated: January 7, 2020

Plaintiff Warren Hill, LLC ("Warren Hill"), through counsel, submits this Response in Opposition to the Motion to Quash filed by Third-Parties David Reape, Vendor Assistance Program, LLC, ("VAP"), Bluestone Capital Markets, LLC ("BCM"), and Blue Stone Finance, LLC ("BSF").  For the reasons set forth below, the untimely Motion should be denied.

## BACKGROUND

On December 20, 2019, this Court scheduled a hearing on Warren Hill's Motions for a Charging Order and for Injunctive relief to occur on January 9, 2020.  Both parties agreed to this date.  On that same day, and in preparation for the hearing, Warren Hill served subpoenas on VAP, BCM, and BSF.  Warren Hill also served a subpoena on the CEO of all three of these companies, David Reape.  Mr. Reape accepted service of those subpoenas at his (and VAP's/Bluestone's) office in Radnor, Pennsylvania. The subpoenas required testimony and the production of records, both to occur on January 9, 2020.  (*See* Movants' Br., at Ex. A.)  None of these third parties served objections to the subpoenas.

Mr. Reape first reached out to the undersigned this past Sunday, to express his alleged inability to attend the hearing.[1]  Warren Hill promptly responded and offered to work with Mr. Reape in postponing the hearing if VAP and the Bluestone entities would agree to forgo any distributions to their stakeholders (such that assets that could satisfy the judgment would not be in danger of dissipation, and thus reducing the urgency of the scheduled hearing).  Mr. Reape then forwarded Warren Hill's email to SFR's counsel.  The parties conferred yesterday in an attempt to resolve the issue.  In connection with that potential agreement, Warren Hill requested

---

[1] SFR's counsel stated to Warren Hill's counsel last week that Mr. Reape could not attend, but informed the undersigned that it was something that VAP and Bluestone would be addressing.  This could have meant that VAP and Bluestone would present a different corporate representative, such as Alan Wilson who acts as the CFO for VAP and Bluestone. Instead, Mr. Reape waited an additional several days and wrote that he would not be able to attend at all. Warren Hill suggested that another witness could appear, but VAP and Bluestone have apparently ruled that out as an option.

1

documentation concerning a specific, alleged transaction between SFR and one of its affiliates, Neptune Investors, LLC.   Warren Hill was expecting to receive those documents this morning. SFR failed to produce those records, which may assist the parties in resolving the current timing/availability issues (and may even eliminate the need for a hearing at this time altogether). Instead, SFR's counsel, now also representing Mr. Reape, VAP, and the Bluestone entities, filed the instant motion.

Put simply, these third parties took no action for more than two weeks, only to burden the Court with this meritless "emergency" motion two days before the scheduled hearing.  The motion should be denied.

## ARGUMENT

### I.    VAP, BSF, and BCM Have Waived All Objections to the Subpoenas by Failing to Timely Object.

Rule 45(d)(2)(B) provides that a party may serve an objection to a subpoena.  Any such objection, however, "*must* be served *before the earlier* of the time specified for compliance or 14 days after the subpoena was served." Fed. R. Civ. P. 45(d)(2)(B) (emphasis added); *Barnes Found. v. Twp. of Lower Merion*, 1997 U.S. Dist. LEXIS 4444, at *10 (E.D. Pa. Apr. 4, 1997) ("a non-party served with a subpoena requesting the production of documents must serve any objection in writing to the requesting party's counsel within 14 days of service of the subpoena.").

Significantly, the time to object is construed "strictly" and if no objections are timely served, any objections "to the subpoena are waived."  *Barnes Found.*, 1997 U.S. Dist. LEXIS 4444, at *10 (holding that untimely objections to subpoena were waived and noting that the 1991 amendment changing the objection period from 10 days to 14 days gives parties more time to respond, but also means the timeline must be construed "more strictly"); *Health Robotics, LLC v.*

2

*Bennett*, 2009 WL 10687682, at *1 (E.D. Pa. Aug. 24, 2009) ("Non-parties DeViedma and HRSRL did not object to the subpoenas within fourteen (14) days of when they were served....Having not timely objected, Non-parties have waived any objections."); *City of St. Petersburg v. Total Containment, Inc*., 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (finding that objections were waived when raised one day after they were required to be filed).[2]

Here, VAP and the Bluestone entities concede that they were served with the instant subpoenas on December 20, 2019.  (Br. at 2.)  Thus, they had until January 3, 2020 to raise objections to the subpoenas.  They failed to do so; in fact, they took no action at all until just days before a hearing they have known about for weeks.  As such, they have waived all objections. *See Barnes Found.*, 1997 U.S. Dist. LEXIS 4444, at *10; *Health Robotics, LLC*, 2009 WL 10687682, at *1; *City of St. Petersburg*, 2008 WL 1995298, at *2.

Accordingly, the Court should deny their motion.

## II.    In Any Event, The Objections Are Meritless.

Even if VAP and the Bluestone entities had not waived all objections to the subpoenas, which they have, the Court should nonetheless deny their motion because they fail to supply any reasoned basis for quashing the subpoenas.  They raise four specious objections, without any specificity, that are contrary to the controlling law in this Court.

*First*, VAP and the Bluestone entities claim that the subpoena should be quashed because they contend, contrary to prior representations to this Court, that the Eastern District of Pennsylvania is not within 100 miles of where Mr. Reape, VAP, and the Bluestone entities reside

---

[2] *See also Alexander v. F.B.I.*, 186 F.R.D. 21, 34 (D.D.C. 1998) (holding that non-party was required to raise objections within 14 days, which was "March 9, 1998," and therefore, "any objections filed on March 11, 1998 to the document requests contained in that notice were untimely and were thereby waived"); *United States v. Davison*, 2009 U.S. Dist. LEXIS 11655, at *4 (D. Colo. Jan. 27, 2009) (finding that objections served 15 days after service were "untimely, and . . . waived").

and/or regularly transact business. (Br. at 5.) These third parties are doubling down on the false representations contained in a recent declaration signed by SFR's Lead Manager, Gene Harris. As set forth in papers that Warren Hill filed yesterday, however: (1) VAP and the Bluestone entities have an office in Radnor, Pennsylvania; (2) Mr. Reape, the CEO who runs these companies, works out of that office more than 3 weeks per month; and (3) Mr. Reape conducts business on these companies' behalf out of this Pennsylvania-based office. (*See* D.E. 122 at 9-10.) Indeed, Mr. Reape, VAP, and the Bluestone entities were all served ***at this Pennsylvania office*** on December 20, 2019. Radnor, Pennsylvania is, of course, within this District, meaning that the 100 mile rule is inapplicable.

*Second*, VAP and the Bluestone entities argue in passing, and without any substantive analysis, that the subpoenas seek information that is "wholly irrelevant." (Br. at 5.) "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted." *Wartluft v. Milton Hershey Sch.*, 2018 WL 3995697,*3 (M.D.Pa. 2018) (quoting *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000)). Here, the subpoenas seek information that is plainly relevant to the instant dispute concerning Warren Hill's execution on the judgment this Court entered in its favor, *i.e.*, bank records and financial information regarding SFR and entities in which SFR has an equitable interest subject to execution. As a matter of law, such information is relevant to these proceedings. *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 233 (E.D. Pa. 2014); *Tennenbaum Capital Partners, LLC v. Kennedy*, 2018 WL 4300540, at *3 (E.D. Pa. Sept. 7, 2018).

*Third*, VAP and the Bluestone entities assert, in a single sentence with no supporting argument or citation to case law, that compliance with the subpoena will subject them "to an undue burden." (Br. at 6.) However, "[m]ere assertions that compliance would be burdensome

without any showing of specificity will not suffice"; rather, "[a] successful demonstration of undue burden requires more than generalized and unsupported allegations." *Stokes v. Cenveo Corp.*, 2017 WL 3648327, at *2 (W.D. Pa. Aug. 24, 2017); *Gabe Staino Motors, Inc. v. Volkswagen of Am., Inc.*, 2003 WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003).  There is no declaration concerning how long or hard it would be to collect this information and, frankly, there is no indication that these third parties have even started to comply with their duty to search for and collect responsive documents.  This argument is unsupported and easily satisfied.

 *Finally*, VAP and the Bluestone entities argue that they should not have to produce any of the information at issue because they speculate that "the majority" of the documents are already in Warren Hill's possession.  (Br. at 5-6.)  Once again, controlling case law has repeatedly rejected the assertion of this objection.  *See, e.g.*, *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. 2018) ("As Plaintiff notes, Rule 45 does not require a party to demonstrate that information cannot be obtained from another party before subpoenaing it from a third party. Rather, it requires that 'the documents subpoenaed [be] within the control of the nonparty witness.'"); *New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.*, 2000 WL 62315, at *5 (E.D. Pa. Jan. 13, 2000) ("Defendants have moved to quash the subpoenas because many of the documents plaintiff seeks from the third parties have allegedly been supplied previously to plaintiff by defendants. This objection is meritless."); *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 2013 WL 12134101, at *3 (W.D. Pa. Feb. 15, 2013); *Saller v. QVC, Inc.*, 2016 WL 8716270, at *6 (E.D. Pa. June 24, 2016); *Med. Tech., Inc. v. Breg, Inc.*, 2010 WL 3734719, at *4 (E.D. Pa. Sept. 21, 2010).  Moreover, the assertion is incorrect.  While SFR did produce records relating to certain prior years in discovery, Warren Hill does not have access to financial records

for more recent years, which could show that funds were moved to frustrate SFR's ability to pay an impending, or existing, judgment.

Accordingly, to the extent the Court even considers these untimely objections, it should overrule each of them and order compliance with the properly issued subpoenas.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion.

Respectfully submitted,

*/s/ Gregory S. Voshell*

Gregory S. Voshell
Thomas B. Helbig, Jr.
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Dated: January 7, 2020                *Counsel for Plaintiff Warren Hill, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this date, I have caused a true and correct copy

of the forgoing to be served upon each attorney of record via the Court's ECF system.


*/s/ Gregory S. Voshell*
GREGORY S. VOSHELL


Dated: January 7, 2020