IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN HILL, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>SFR EQUITIES, LLC,<br><br>      Defendant. | No. 2:18-01228-HB |

## ORDER

NOW, on this 16th day of January, 2020, upon consideration of Plaintiff Warren Hill, LLC's Motion to Enter a Charging Order and Motion for Injunctive Relief, and via consent of the parties, it is **HEREBY ORDERED** that the Motions are **GRANTED** as follows:

1. Defendant's limited liability company interests in Vendor Assistance Program, LLC ("VAP") and Bluestone Capital Markets, LLC ("BCM") shall be charged with payment of the Judgment docketed in the above-captioned case plus interest in accordance with Pennsylvania law and the Court's inherent powers;

2. The parties agree that, subject to a mutually agreeable escrow agreement consistent with the Judgment docketed in the above-captioned case, any (a) distributions, (b) return of contributions, (c) repayment of any loans or other obligations, or (d) other payments whatsoever that Defendant is otherwise entitled to receive from VAP or BCM shall be deposited into an escrow account at a mutually agreeable depository institution;

3. It shall be the joint and several obligation of Defendant, VAP, and BCM to pay all such distributions, return of contributions, repayment of loans or other obligations, and other payments over to the escrow account;

4. The funds held in the escrow account pursuant to Paragraphs 1-3 of this Order shall remain in such account pending the exhaustion of all appellate rights of either party and shall be released consistent with the escrow agreement referenced in Paragraph 2;

5. Defendant, or any other person who assumes responsibility for the management of any of the limited liability companies in which Defendant has an interest, shall provide Plaintiff, bi-monthly on the 5th day of the month following the end of each bi-monthly period, the first report being due on March 5, 2020, an accounting of (a) VAP's and BCM's cash receipts and cash disbursements with respect to distributions, payments, or return of contributions to their members or affiliates, which shall clearly identify the recipient and purpose of each disbursement and (b) the release of any funds subject to Paragraph 2 of the Court's Judgment (D.E. 111 ¶ 2), including the release date, the corresponding amount of the release, the trust from which the funds were released, and the recipient(s) of any such funds;

6. Defendant is enjoined and prohibited from disguising, concealing, transferring, conveying, assigning, spending, pledging, encumbering, distributing, dispersing, dissipating, or otherwise disposing of any assets;

7. Within five days of the acquisition by Defendant, by any means, of any ownership or other interest in any limited liability company, partnership, corporation, or other entity, Defendant shall notify Plaintiff of such acquisition, which notice shall clearly identify the assets acquired, from whom such assets were acquired, and any consideration relating thereto;

8. This Order shall be deemed served on VAP and BCM, upon entry of the Order;

9. This Order is without prejudice to either party's other rights and remedies with respect to the collection or defense of the Judgment, including the right to seek such further relief as each party believes it is entitled.

BY THE COURT:

_____
Harvey Bartle III
United States District Judge