**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

WARREN HILL, LLC,

    Plaintiff,

  v.

SFR EQUITIES, LLC,

    Defendant.

Civil Action
No. 2:18-cv-01228-HB

## <u>ORDER</u>

  **NOW**, on this \_\_\_ day of _____, 2020, upon consideration of the VAP Intervenors' Expedited Motion to Stay Order Unsealing Judicial Record, and all associated motions, briefing, and arguments, it is **HEREBY ORDERED** that the VAP Intervenors' Motion to Stay Order Unsealing Judicial Records is **GRANTED**.

       BY THE COURT:


       _____
       Harvey Bartle III
       United States District Judge

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

WARREN HILL, LLC,

      Plaintiff,

    v.

SFR EQUITIES, LLC,

      Defendant.

Civil Action
No. 2:18-cv-01228-HB

### EXPEDITED MOTION TO STAY ORDER UNSEALING JUDICIAL RECORDS

Vendor Assistance Program ("VAP"), Bluestone Capital Markets, LLC ("BCM"), Blue Stone Finance, LLC ("BSF"), and Brian Hynes (collectively, the "VAP Intervenors"), third-party intervenors to this case, respectfully request that the Court stay its August 25, 2020 Order unsealing judicial records. In support of this Motion, VAP Intervenors state as follows:

1.      On June 11, 2020, Chicago Public Media ("CPM") filed its Motion to Intervene and Unseal Judicial Records. (Dkt. 141)

2.      On June 25, 2020, VAP Intervenors filed their Motion to Intervene and to Oppose Unsealing of Judicial Records. (Dkt. 145) Following a brief teleconference with the Court on July 6, 2020, VAP Intervenors filed a Supplemental Brief in Opposition of Unsealing of Judicial Records on July 24, 2020. (Dkt. 155) There was no formal hearing or oral argument after the motions were fully briefed, and no ruling date was set by the Court.

3.      On August 25, 2020, the Court entered an Order granting CPM's Motion to Intervene and Unseal Judicial Records (the "Order"). (Dkt. 160) The Order instructed the clerk to "unseal forthwith the documents filed under docket entry numbers 38, 43, 45, 46, 47, 52, 57, 66, 73, 74, 76, 78, 79, 80, 81, 83 and 84." *Id.*

4.      This Court's August 25, 2020 Order is a final and appealable order. *See United States v. Smith*, 787 F.2d 111, 113 (3d Cir. 1986) (An order denying or granting access to portions of a trial record is appealable as a final order pursuant to 28 U.S.C. § 1291).

5.      Pursuant to the Federal Rules of Appellate Procedure, VAP Intervenors have 30 days to file a notice of appeal with the U.S. Court of Appeals for the Third Circuit. Fed. R. App. P. 4(a)(1)(A). Yet, the language in the Order calls for immediate unsealing, which would effectively prevent VAP Intervenors from potentially exercising their appeal rights before the records are unsealed. VAP Intervenors should have the opportunity to analyze the Court's rationale in the Order and consider their options for appeal.

6.      For a motion to stay, a party must show: (1) likelihood of success on the merits or irreparable harm; (2) if the stay will substantially injure the other party; and (3) interests of the public in the matter. *See Joint Stock Soc. v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 406 (D. Del. 2000).

7.      VAP Intervenors believe they have a good likelihood of success on the merits, and will face irreparable harm if its Motion for Stay is not granted. The Order would release highly sensitive and confidential information to the public without affording VAP Intervenors an opportunity to appeal. Once these documents are unsealed and VAP Intervenors' confidential business information is made public, VAP Intervenors would no longer have a protectable interest to have standing to appeal. *See Joint Stock*, 104 F. Supp. 2d, at 406 (granting a motion to stay order to unseal because "any rights or interests which the defendants are seeking to protect will evaporate").

8.      The stay will not substantially injure the other parties or cut against public interest. The parties to this lawsuit already have access to the documents. CPM, as an intervenor, has not

4834-2251-6169.2

2

demonstrated an urgent need for the documents to be unsealed. In fact, the issue of whether to maintain the documents under seal has been pending since June 11, 2020, and has been fully briefed for over a month with no set deadline for the Court to issue its ruling. CPM did not object to the Court's schedule in reviewing the briefs, or request that a ruling be entered by any date certain. Allowing VAP Intervenors an additional 30 days to preserve their rights and interests will not prejudice the parties, nor CPM. Furthermore, it is in public interest to afford VAP Intervenors the opportunity to appeal.

9.  VAP Intervenors respectfully request expedited hearing on this Motion to Stay.  To the extent this Court is not inclined to grant a 30-day stay or set an expedited hearing, VAP Intervenors respectfully request that the Court stay the Order for 7 days, at which time VAP Intervenors will notify the Court whether they intend to appeal the Order.  In the alternative, VAP Intervenors request at least a 48-hour stay so that they may request relief from the U.S. Court of Appeals for the Third Circuit, pursuant to Rule 8(a)(2) of the Federal Rules of Appellate Procedure.

WHEREFORE, for the foregoing reasons, the VAP Intervenors respectfully request that this Court enter an Order GRANTING:

a.  A stay of relief from the August 25, 2020 Order for thirty (30) days to allow VAP Intervenors the opportunity to consider their appellate options; OR

b.  A stay of relief from the August 25, 2020 Order for seven (7) days, at which time VAP Intervenors will inform the Court if they intend to appeal; OR

c.  A stay of relief from the August 25, 2020 Order for forty-eight (48) hours before unsealing the documents to allow VAP Intervenors to request a Third Circuit stay pending an appeal.

3

Dated:  August 26, 2020

Respectfully submitted,

By:     /s/ Susan Poll Klaessy
        Leah R. Imbrogno
        PA ID No. 309450
        FOLEY & LARDNER LLP
        500 Woodward Avenue, Suite 2700
        Detroit, MI  48226
        limbrogno@foley.com
        (313) 234-7100

        Susan Poll Klaessy
        *Admitted Pro Hac Vice*
        FOLEY & LARDNER LLP
        321 N. Clark Street, Suite 3000
        Chicago, IL  60654
        spollklaessy@foley.com
        (312) 832-4500

        *Counsel for VAP Intervenors*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I did cause a true and correct copy of the foregoing *Expedited Motion to Stay Order Unsealing Judicial Records* to be served on counsel of record via the Court's electronic filing system.

Dated:  August 26, 2020

By: ___*/s/ Susan Poll Klaessy*_____

Susan Poll Klaessy